## WALLACE & A. *v.* ROBINSON & A.

During the pendency of a bill in equity, brought by two of the four members of a partnership against the other two, for an account, &c., the defendants commenced a bill in equity against the plaintiffs for the same purpose, and obtained thereon a trustee writ. *Held*, that the second bill should be dismissed with cost.

In Equity. The bill, by E. G. & E. Wallace against Charles E. Robinson & Cyrus R. Robinson, was filed in 1872, in vacation, and a trustee writ issued upon the application of the plaintiffs. The bill alleged the formation and dissolution of a partnership between the parties, and prayed for an accounting, and a decree for the payment of any sums which, upon accounting, should appear to be due to the plaintiffs. No service was made upon Charles E. Robinson. At the first term, after the filing of the bill, Cyrus R. Robinson moved to dismiss the bill, and also filed the following plea:

The said Cyrus R. Robinson says that on November 21, 1870, he filed his bill in equity against the other parties to this suit, in which he set forth the existence of the partnership set up in the plaintiffs' bill and the modification, and prays for an adjustment of all the partnership affairs in as full a manner as prayed for in the plaintiffs' bill; and the plaintiffs, in their answer to said bill of Cyrus R. Robinson, set up the same charge of fraudulent issue of notes by Charles E. & Cyrus R. Robinson as is now set up in the present bill, and by the issue joined in said bill, the same issue was presented as is presented in the bill now brought by E. G. & E. Wallace, and between the same parties, and that these plaintiffs were entitled to and could have the same relief and protection in the suit pending wherein Cyrus R. Robinson is plaintiff and E. G. & E. Wallace and Charles E. Robinson are defendants, as in the present bill; that the proceedings in the former bill were taken for the same purpose as the present, and that said bill is now pending in this court. Wherefore the said Robinson prays that the bill may be dismissed with costs.

In support of his motion to dismiss, the defendant relied on the record in the equity suit—*Robinson* v. *Wallace*—described in the above plea. Upon inspection of that record by the court, it appeared that the bill in that suit was brought by Cyrus R. Robinson against E. G. & E. Wallace and Charles E. Robinson ; that Charles E. Robinson was described as of Massachusetts, and that no service had been made upon him ; that the suit had been pending since 1870 ; that E. G. & E. Wallace had filed an answer ; that Cyrus R. Robinson had filed a replication ; and that a master had been appointed " to decide and report upon all matters of fact involved in the pleadings." Said bill filed by Cyrus R. Robinson alleged (among other things) the formation and dissolution of the same copartnership described in the bill

filed by E. G. & E. Wallace, and prayed (among other things) for an accounting and adjustment of the partnership affairs, and that the Wallaces should be directed to pay Cyrus R. Robinson whatever might, upon said accounting, appear to be due to him from them.

The court ruled that the suit *Wallace & a.* v. *Robinson & a.* should be dismissed, and the plaintiffs excepted.

The entire pleadings and records in both suits are made a part of this statement. The case was reserved.

*Sanborn & Clark*, for the plaintiffs.

*S. C. Eastman*, for the defendants.

Ladd, J. " Upon the application of any party to a suit in equity, an order may be made, when it appears to be required for his security, for a writ of attachment in his favor, in such form and returnable as the court may direct, against the estate or property of any other party." Gen. Stats., ch. 190, sec. 7.

" Upon a bill in equity for an account filed by one partner against his copartners, after the termination of the partnership, all the parties are to be regarded as actors, and the decree should settle the partnership concerns between all the partners, as if each was a complainant filing his bill against his copartners ; " and " in such a proceeding, if a balance is found against the complainant in favor of the defendants, or any of them, a decree may be entered in favor of such defendants upon the plaintiffs' bill." *Raymond* v. *Came*, 45 N. H. 201.

It is obvious these plaintiffs can have no remedy or relief in this proceeding that is not entirely open to them in the other suit where they are defendants. The exceptions must be overruled.

*Bill dismissed.*